UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICH PRODUCTS CORPORATION,

                            Plaintiff,

        v.                                                          **DECISION AND ORDER**
                                                                    13-CV-030S

DAVID BLUEMKE and
DARIFAIR FOODS, INC.,

                            Defendants.

## I.  INTRODUCTION

        Plaintiff Rich Products Corporation commenced this diversity action in January 2013

seeking damages and injunctive relief for Defendants' alleged continuing interference with

Plaintiff's contractual relations.    Plaintiff's causes of action for, among other things,

intentional interference with contract and unfair competition arise out of Defendant David

Bluemke's resignation from employment with Plaintiff and his subsequent employment with

Defendant Darifair Foods, Inc. ("Darifair").    In lieu of answering, Defendants have moved

to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the

Federal Rules of Civil Procedure or, alternatively, to transfer the action.  Plaintiff opposes

this motion and, in the event the Court does not deny the same, cross-moves for discovery

on the issue of personal jurisdiction.  The Court finds these matters fully briefed and oral

argument unnecessary. For the reasons that follow, Defendants' motion is denied in its

entirety on the merits and Plaintiff's cross-motion is denied as moot.

## II. DISCUSSION

### A.    Personal Jurisdiction

Defendants contend that the complaint must be dismissed as against Darifair[1] for

lack of personal jurisdiction over this Florida corporation.  (Defs' Notice of Motion, Docket

No. 11; Defs' Mem of Law at 1, Docket No. 11-1.)   Subject to certain constitutional

limitations of due process, the breadth of a federal court's personal jurisdiction is

determined by the law of the state in which the district court is located.   Thomas v.

Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006); see Henderson v. INS, 157 F.3d 106, 123 (2d

Cir. 1998).  Where the district court relies solely on the pleadings and supporting affidavits,

as is the case here,  the burden on a plaintiff facing a motion to dismiss pursuant to Rule

12 (b)(2) is to establish only a prima facie showing of personal jurisdiction.   Robinson v.

Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994); see Mattel, Inc. v. Barbie-

Club.com, 310 F.3d 293, 298 (2d Cir. 2002) (prior to discovery, a plaintiff's burden is a

lenient one requiring only legally sufficient allegations of jurisdiction). Although the court

need not draw argumentative inferences in the plaintiff's favor, the pleadings and affidavits

are considered in a light most favorable to the plaintiff. Robinson, 21 F.3d at 507; CutCo

Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986).

There are two types of personal jurisdiction that may be applied: "general or

---

[1]Defendants, who are jointly represented by the same counsel, assert later in their motion papers that Plaintiff's complaint should be dismissed against "Defendants," meaning both Bluemke and Darifair, with prejudice. (Defs' Mem of Law at 13, 23; Defs' Reply Mem of Law at 9-10.)  In the absence of any argument that this Court does not have personal jurisdiction over Defendant Bluemke or that dismissal with prejudice is warranted, these requests – if intentional – will not be addressed. See Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 875 (3d Cir. 1944), cert denied, 322 U.S. 740 (1944) (dismissal for lack of jurisdiction is not an adjudication on the merits); Moore v. Mara, No. 3:08-CV-1946, 2010 WL 3270223, *5 (D. Conn. Aug. 17, 2010) (citing Fed. R. Civ. P. 41(b)) (same).

2

all-purpose jurisdiction, and specific or case-linked jurisdiction." <u>Goodyear Dunlop Tires</u> <u>Operations, S.A. v. Brown</u>, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011); <u>Chloe v.</u> <u>Queen Bee of Beverly Hills, LLC</u>, 616 F.3d 158, 164 (2d Cir. 2010). A court may assert general jurisdiction over a foreign corporation to hear any claim against it where the corporation's affiliations with the state are "so continuous and systematic as to render them essentially at home in the forum [s]tate." <u>Goodyear Dunlop Tires Operations</u>, 131 S. Ct. 2846, 2851(internal quotation marks omitted).  Specific jurisdiction exists where there is a link between the forum and the underlying controversy.  <u>Id.</u>

Here, Plaintiff correctly contends that Darifair consented to the general jurisdiction of New York courts under N.Y. CPLR § 301 by registering to do business in this state.  (Pl's Mem of Law in Opp'n at 6, 8-10, Docket No. 18-1.)   Under New York law, a foreign corporation must, as part of the application for authority to do business in the state, designate the New York Secretary of State "as its agent upon whom process against it may be served" and provide an address to which a copy of any process shall be mailed. N.Y. Business Corporation Law § 1304(6); <u>Rockefeller Univ. v. Ligand Pharmaceuticals Inc.</u>, 581 F. Supp. 2d 461, 465 (S.D.N.Y. 2008); <u>see</u> N.Y. Business Corporation Law § 304 (a), (b) (no foreign corporation may be authorized absent the designation of the secretary of state as its agent).  After this, the "actions in which [the Secretary of State] is to represent the corporation are not limited." <u>Rockefeller Univ.</u>, 581 F. Supp. 2d at 466 (quoting <u>Bagdon</u> <u>v. Phil. & Reading Coal & Iron Co.</u>, 217 N.Y. 432, 436-37, 11 N.E. 1075 (N.Y. 1916) (Cardozo, J.)). Defendants concede that Darifair is registered to do business in New York, but argue that this fact alone is insufficient to establish personal jurisdiction. (Defs' Reply Mem of Law at 1-4.)

Contrary to Defendants' argument, "[i]t is well-settled[2] under New York law that registration under [N.Y. Business Corporation Law] § 1304 subjects foreign companies to personal jurisdiction in New York." STX Panocean (UK) Co., Ltd. v. Glory Wealth Shipping Pte Ltd., 560 F.3d 127, 131 (2d Cir. 2009); Hunter v. Deutsche Lufthansa AG, 863 F. Supp. 2d 190, 201 (E.D.N.Y. 2012); Rockefeller Univ., 581 F. Supp. 2d at 465-66; Doubet LLC v. Trustees of Columbia Univ. in City of N. Y., 99 A.D.3d 433, 434-35, 952 N.Y.S.2d 16, 18 (N.Y.A.D. 1st Dep't 2012); Augsbury Corp. v. Petrokey Corp., 97 A.D.2d 173, 175-76, 470 N.Y.S.2d 787, 789 (N.Y.A.D. 3d Dep't 1983).

> Pursuant to N.Y. Civil Practice Law and Rules § 301, "[a] court may exercise ... jurisdiction over persons, property, or status as might have been exercised heretofore." N.Y. C.P.L.R. § 301. For more than sixty years, New York courts have determined that general jurisdiction may be asserted over a corporation solely on the basis that it has registered to do business in the forum.

Cannon v. Newmar Corp., 210 F. Supp. 2d 461, 463 n. 2 (S.D.N.Y. 2002); see Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 175, 60 S. Ct. 153, 84 L. Ed. 167 (1939) (citing Bagdon, 217 N.Y. at 436-37) (statute requiring designation is constitutional, and constitutes consent to general jurisdiction).  Thus, "[t]he privilege of doing business in New York is accompanied by an automatic basis for personal jurisdiction." Augsbury Corp., 97 A.D.2d at 176.  Further, because under these circumstances general jurisdiction is established by consent, the extent of a foreign corporation's actual contacts with New York is immaterial.  Neirbo Co., 308 U.S. at 175; Amalgamet, Inc. v. Ledoux & Co., 645 F. Supp.

---

[2]A few earlier federal cases have held that "the mere existence of a certificate of authority to do business in New York is insufficient as a predicate of jurisdiction" absent further evidence that the defendant is in fact doing business in the state. Bellepointe, Inc. v. Kohl's Dep't Stores, Inc., 975 F. Supp. 562, 564 (S.D.N.Y. 1997) (citing Beja v. Jahangiri, 453 F.2d 959, 962 (2d Cir. 1972)).  These cases, however, have since been criticized, see Rockefeller Univ., 581 F. Supp. 2d at 465-66 (collecting cases), and subsequently abandoned by those courts. STX Panocean (UK) Co., Ltd. v. Glory Wealth Shipping Pte Ltd., 560 F.3d 127, 131 (2d Cir. 2009); Rockefeller Univ., 581 F. Supp. 2d at 465-66.

248, 249 (S.D.N.Y. 1986); <u>Advance Realty Assocs. v. Krupp</u>, 636 F. Supp. 316, 317 (S.D.N.Y. 1986); <u>Speed v. Pelican Resort N.V.</u>, No. 91 Civ. 7686, 1992 WL 147646, *1 (S.D.N.Y. June 16, 1992).

Defendants further argue that the Second Circuit's decision in <u>STX Panocean</u> is inapplicable here because it addresses the issue of maritime attachment for the purposes of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and it is therefore distinguishable from issues that arise in a traditional civil suit. (Defs' Reply Mem of Law at 3.)  In <u>STX Panocean</u>, the Second Circuit determined that an order of attachment under Rule B was properly vacated because the district court had personal jurisdiction over the defendant itself, thereby negating the need for attachment. 560 F.3d at 131-33 (noting that a defendant is "found" where he or she is amenable to suit). "[M]aritime attachment is aimed at obviating a plaintiff's need to determine where the defendant is amenable to suit." <u>Id.</u> at 132.  As such, "no scouring of the globe – and, therefore, no attachment – is necessary where the defendant has already voluntarily subjected itself to the district's jurisdiction by reason of its registration with the State." <u>Id.</u> (internal quotation marks and bracketing omitted). The holding in <u>STX Panocean</u> thus turned on the issue of whether personal jurisdiction over the defendant existed, and is clearly on point.

In addition to establishing general jurisdiction under New York law, personal jurisdiction based on registration alone also comports with the requirements of federal due process.  This "voluntary use of certain state procedures . . . is in fact a form of constructive consent to personal jurisdiction which has been found to satisfy due process." <u>Augsbury Corp.</u>, 97 A.D.2d at 175-6 (citing <u>Ins. Corp. of Ireland, Ltd. v. Compagnie Des</u>

5

Bauxites De Guinee, 456 U.S. 694, 703-4, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)); see

Neirbo Co., 308 U.S. at 175. "Although the Supreme Court has not directly pronounced on

the subject since 1945, the constitutionality of the traditional practice of asserting general

jurisdiction solely on the basis of a corporation's being licensed to do business in the forum

seems to have survived International Shoe." In re DES Cases, 789 F. Supp. 552, 591–92

(E.D.N.Y.1992) (citing Burnham v. Superior Court, 495 U.S. 604, 110 S. Ct. 2105, 109 L.

Ed. 2d 631 (1990)), appeal dismissed, 7 F.3d 20 (2d Cir. 1993); Cannon, 210 F. Supp. 2d

at 463 n. 2; see generally Int'l Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90

L. Ed. 95 (1945).

Accordingly, "[i]n maintaining an active authorization to do business and not taking

steps to surrender it as it has a right to do, [Darifair] was on constructive notice that New

York deems an authorization to do business as consent to jurisdiction." Rockefeller Univ.,

581 F. Supp. 2d at 466. Defendants' motion to dismiss for lack of personal jurisdiction over

Darifair is therefore denied.  In light of this conclusion, Plaintiff's cross-motion for discovery

on the issue of personal jurisdiction is denied as moot.

**B.    Motion to Transfer**

Defendants further contend that, in the event dismissal is found unwarranted, the

matter should be transferred to the Middle District of Florida pursuant to 28 U.S.C. §

1404(a). (Defs' Mem of Law at 2, 18.)  This section provides that "[f]or the convenience of

parties and witnesses, in the interest of justice, a district court may transfer any civil action

to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

"Deciding a § 1404(a) motion to transfer venue 'requires a two-part inquiry: first, whether

the action to be transferred might have been brought in the transferee court; and second,

whether considering the convenience of the parties and witnesses, and the interest of justice, a transfer is appropriate.' " AGCS Marine Ins. Co. v. Associated Gas & Oil Co., Ltd., 775 F. Supp. 2d 640, 645 (S.D.N.Y. 2011) (quoting Fuji Photo Film Co., Ltd. v. Lexar Media Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y.2006)).   Further, in "a case involving multiple defendants, it must first be determined that all defendants would have been subject to personal jurisdiction in the transferee court." Percorino v. Vutec Corp., – F. Supp. 2d –, 2012 WL 5989918, *4 (E.D.N.Y. 2012); see generally Wyndham Assocs. v. Bintliff, 398 F.2d 614, 618 (2d Cir. 1968), cert denied, 393 U.S. 977 (1968) (this section provides for the transfer "only of the entire action and not of individual claims"). As the movants, Defendants bear the burden of "establishing the propriety of transfer by clear and convincing evidence." Payless Shoesource, Inc. v. Avalon Funding Corp., 666 F. Supp. 2d 356, 362 (E.D.N.Y. 2009).

Defendants argue that venue would be proper in the Middle District of Florida, and therefore the action could have been brought there, because Darifair is subject to personal jurisdiction in that district.  (Defs' Mem of Law at 19.)  Plaintiff correctly notes that it is unclear whether Defendant Bluemke, who appears to be an Illinois resident, is also subject to personal jurisdiction in the Middle District. (Pl's Mem of Law in Opp'n at 20; see Compl. ¶ 5.) In Defendants' reply memorandum of law, defense counsel asserts that "[t]o alleviate Plaintiff's concern, Bluemke hereby consents to jurisdiction in the Northern [sic] District of Florida should this case be transferred into that jurisdiction." (Defs' Reply Mem of Law at 8.)  The first problem with this assertion is, of course, that Defendants are requesting transfer to the Middle District of Florida. (Notice of Motion; Defs' Mem of Law at 2, 19-23; Defs' Reply Mem of Law at 10; but see Defs' Reply Mem of Law at 8-9 ("transfer to the

7

Northern District of Florida is required".)

More importantly, however, such after-the-fact consent is insufficient to establish that transfer to any district court in Florida is appropriate. 28 U.S.C. § 1404(a); Hoffman v. Blaski, 363 U.S. 335, 342-344, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960). "[T]he power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." Hoffman, 363 U.S. at 343-44. The Supreme Court expressly ruled that the language of § 1404(a) should not be interpreted to mean " 'where [the action] may now be rebrought, with defendants' consent.' " Id. at 342-43. Thus, "for purposes of the change of venue statute, personal jurisdiction over all defendants must exist in the proposed transferee court independent of defendant's consent." Cali v. East Coast Aviation Servs., Ltd., 178 F. Supp. 2d 276, 283 (E.D.N.Y. 2001) (citing Hoffman, 363 U.S. at 342-44).   Because Defendants have not established that Plaintiff could have initiated this action in any Florida district court "independently of the wishes of [Defendant Bluemke]," they have not met their burden of establishing that such a district is one where the action might have been brought for the purposes of § 1404(a). Hoffman, 363 U.S. at 344 (citations omitted); see Payless Shoesource, Inc., 666 F. Supp. 2d at 362.

### III. CONCLUSION

Because Darifair consented to personal jurisdiction by registering to do business in the State of New York, Defendants' motion to dismiss based on lack of personal jurisdiction is denied.   Plaintiff's cross-motion for discovery on this issue is also denied as moot. Further, Defendants failed to establish that any Florida district was an appropriate venue

for transfer pursuant to § 1404(a).

## IV.  ORDERS

IT HEREBY IS ORDERED that the Motion to Dismiss or, alternatively, Transfer of Defendants David Bluemke and Darifair Foods, Inc. (Docket No. 11) is DENIED in its entirety;

FURTHER, that Plaintiff's Cross-Motion for Discovery (Docket No. 18) is DENIED as moot.

SO ORDERED.


Dated:  May 14, 2013
        Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Judge