UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICH PRODUCTS CORPORATION,

                Plaintiff,

                                       **Hon. Hugh B. Scott**

        v.

                                       13CV30S

                                       **Order**

DAVID BLUEMKE and
DARIFAIR FOODS, INC.,

                Defendants.

      Before the Court is plaintiff's application to recover its reasonable motion costs and fees for prevailing in part in its motion to compel (Docket No. 47; see Docket No. 45, Order of Jan. 6, 2014, at 15); familiarity with this motion and Order is presumed.  Since plaintiff did not prevail on all its claims, under Rule 37(a)(5)(C) this Court apportions the reasonable expenses for the motion.  Thus, plaintiff was to submit its reasonable motion expenses for the relief upon which it prevailed–customers and products in four proposed competing lines, Bluemke's compensation–and defendants were to respond to that application.  This fee application was due seven days after entry of that Order with defense response due within seven days of receipt of that application.  (Docket No. 45, Order of Jan. 6, 2014, at 15, 16.)

      Plaintiff then submitted its application to recover $4,273.75, for its attorneys' fees and motion costs associated with half of the expense for making its motion (Docket No. 47). Plaintiff, citing attorney-client and attorney work product privileges, did not attach contemporaneous billing records but offered to submit them for in camera inspection (id., Pl. Atty. Affirm. ¶ 3). Defendants noted this omission in their response, arguing that the application

should be denied on that basis (Docket No. 48, Defs. Memo. at 1-2, 7-8). Given this defense objection, plaintiff was afforded the opportunity to reply, including submitting redacted billing records in support of its application (Docket No. 49), with that reply due February 5, 2014, and any response to that reply by defendants due February 11, 2014, and the application deemed submitted (without oral argument) on February 11, 2014 (id.). Plaintiff then submitted a timely reply with redacted billing records (Docket No. 50). In its reply, plaintiff now states that it incorrectly calculated its initial expenses, it now claims $4,541.00 (Docket No. 50, Pl. Atty. Reply Affirm. ¶¶ 3, 6).

## BACKGROUND

This is a diversity contract action wherein plaintiff seeks to enforce the non-compete provisions of its employment agreement with its former employee, defendant David Bluemke. Plaintiff alleges that Darifair Foods, Inc., intentionally interfered with Bluemke's contractual commitments with plaintiff (including non-solicitation and non-compete provisions), resulting in divulging plaintiff's confidences to Darifair (Docket No. 1, Compl. ¶¶ 1, 20).

Plaintiff moved to compel production of several categories of discovery (Docket No. 36). This Court granted some relief, namely production of customer and product lists for four proposed competing product lines and documents surrounding Darifair's compensation of Bluemke and denied others (Docket No. 45).

*Motion Expense Application*

Plaintiff then submitted the present application, claiming half of its motion expenses were expended in prevailing portions of its motion that plaintiff deemed "the most important items sought in discovery" (Docket No. 47, Notice of Motion, Pl. Atty. Affirm. ¶ 2; see also Docket

No. 50, Pl. Atty. Reply Affirm. ¶ 3).  Three persons worked on plaintiff's motion, partner Linda Joseph (charging $300 per hour), associate Alicia Rood (charging $245 per hour), and a paralegal (charging $85 per hour) (Docket No. 47, Pl. Atty. Affirm. ¶ 4; Docket No. 50, Pl. Atty. Reply Affirm. ¶ 4).  Plaintiff claims time for three activity categories: the pre-motion meet and confer efforts; preparation of the motion to compel; and preparation of the reply papers (Docket No. 50, Pl. Atty. Reply Affirm. ¶ 4, Ex. A (categories 1, 2, 3, respectively); see Docket No. 47, Pl. Atty. Affirm. ¶ 5).  As corrected in its Reply (see Docket No. 50, Pl. Atty. Reply Affirm. ¶ 6)), plaintiff's lawyers expended 10.7 hours of attorney and paralegal time in drafting letters in plaintiff's meet and confer efforts (id. ¶ 5, 6.8 hours plus 3.9 hours of attorney and paralegal time for the two letters), letters later included as exhibits to the motion (Docket No. 36, Ex. P, Linda Joseph, Esq., Letter to Alejandro Brito, Esq., defense counsel, Oct. 7, 2013, Ex. Z, Joseph Letter to Brito, Oct. 22, 2013).  Plaintiff seeks $2,909.00 ($1,803.50 plus $1,105.50) for the drafting of these two letters (Docket No. 50, Pl. Atty. Reply Affirm. ¶ 5).  Plaintiff now claims 12 hours in researching, analysis, and writing of its motion to compel (Docket No. 50, Pl. Atty. Reply Affirm. ¶ 6), with a corrected total cost of $2,690 (id.).  Plaintiff finally claims 13.3 hours for the research, analysis, and drafting of its reply to that motion for a total of $3,473.00 (id. ¶ 7).

      Plaintiff thus claims a total of 36 hours of attorney and paralegal time expended in this motion practice.  Totaling the corrected amounts claimed by plaintiff ($2,909 + $2,690 + $3,473) leads to $9,072.00, and one-half of this figure is in fact $4,536.00.  Plaintiff's corrected claim, however, is now for $4,541.00 (Docket No. 50, Pl. Atty. Reply Affirm. ¶ 3).  Absent unredacted entries to confirm plaintiff's arithmetic or a defense challenge to plaintiff's totals, this Court will go with the amount now claimed by plaintiff of $4,541.

Defendants respond that no expenses should be awarded at all since plaintiff's motion was granted in part and denied in part (Docket No. 48, Def. Memo. at 1, 3-4), disputing plaintiff's entitlement to recover for 50% of its motions where, at best, defendants argue plaintiff prevailed only on two of five requests (id. at 4). Defendants argue that any amount plaintiff prevails in its two requests should be offset by defense costs in defending successfully against the other three (id.).

Defendants alternatively argue that since their responses and objections were substantially justified because they questioned the scope of plaintiff's inquiries and whether they were relevant to this action, a fee award against them would be unjust (id. at 1, 5-7).

Finally, defendants object to the fee application as being excessive, arguing that 36 hours of total attorneys' and paralegal time is excessive in light of the issues in the motion to compel (id. at 7). In addition to noting the absence of contemporaneous billing, defendants point out that plaintiff fails to state the experience of counsel and the paralegal to determine if the billing rates sought are reasonable (id.). Also, plaintiff did not state the specific amounts of time expended on particular tasks to allow assessment of whether excessive, redundant or otherwise unnecessary hours, see Siracuse v. Program for the Dev. of Human Potential, No. 07CV2205, 2012 WL 1624291, at *33 (E.D.N.Y. Apr. 30, 20112) (Pollak, Mag. J.) (quoting Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999), citing in turn Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)) were expended (id.).

In its reply, plaintiff argues that defendants can only claim to have prevailed on at least one of the requests considered by this Court (Docket No. 50, Pl. Atty. Reply Affirm. ¶ 9) and that plaintiff's 50% assessment is in fact being conservative (id. ¶ 10). Plaintiff disputes whether

defense objections were substantially justified based upon this Court's decision on its motion to compel (id. ¶¶ 11-12). Plaintiff also notes that, while defendants have not appealed from this Order to compel, to date they have not produced anything ordered therein (id. ¶ 13).

Defendants, upon receipt of the redacted time records, did not reply.

DISCUSSION

I. Applicable Standards

If a party prevails entirely on its motion to compel, under Rule 37(a)(5)(A), the Court

> "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising such conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A). A similar standard for recovering partial attorneys' fees and expenses applies when a litigant only partially prevails in its motion to compel, see Fed. R. Civ. P. 37(a)(5)(C). On the other hand, if movant's motion is denied, then the opponent has an opportunity to recover its reasonable defense costs, again under a similar standard for recovery by the opponent as the movant would have upon prevailing, Fed. R. Civ. P. 37(a)(5)(B).

Rule 37(a) allows a movant to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). The imposition of this initial sanction may not occur if movant filed the motion before attempting in good faith to resolve this without Court

intervention; if the non-disclosure was substantially justified; or other circumstances made an award of expenses unjust, id. Imposition of sanctions for failure to comply with discovery demands must be weighed in light of the full record. Johanson v. County of Erie, No. 11CV228, 2012 U.S. Dist. LEXIS 6772, at *3 (W.D.N.Y. Jan. 20, 2012) (Scott, Mag. J.); see Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979). The key here is that the movant is entitled only to reasonable costs and attorneys' fees, if entitled to recover anything at all. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills her client related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); see Hensley, supra, 461 U.S. at 429-30, 430 n.3 (applying for fees under 42 U.S.C. § 1988 using lodestar method), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last

component for determining the reasonable motion expenses are the other motion expenses incurred. In calculating the "presumptively reasonable fee," this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111. The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates. 7 Moore's Federal Practice–Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

As for reasonable attorneys' fees, thus there are two aspects that must be considered. First, are the rates charged reasonable for the Buffalo market? Within this analysis is the level of experience of the legal professional involved (attorney or paralegal) and whether the particular task was appropriately performed by that level of professional (an extreme example, a partner should not expect to recover his or her full hourly rate for putting postage on a letter mailed relative to the motion when that task could be performed less expensively by other staff of the law firm). Second, is the time claimed by counsel (even if reduced to the fraction for which plaintiff ultimately prevailed) reasonable?

Finally, sanctions under Rule 37 may be imposed against a party, their counsel, or both, Fed. R. Civ. P. 37(a)(5)(A), (C).

II.     Appropriate Apportionment of Costs

Plaintiff argues that it prevailed on half of its motion (from the amount of materials it sought) and thus it should recover 50% of its motion costs. Defendants dispute this. Rule 37(a)(5)(C) addresses this situation where each party prevails in the relief sought, granting the Court the discretion to allocate liability where both parties prevail in part. Thus, this Court rejects defendants' alternative argument that plaintiff's recovery should be offset by defense costs

for defending so much of its denied motion or denied entirely. Defendants did not present their costs in defending this motion (or the percentage in which they prevailed) to enable this Court to calculate any offset defendants now argue. This Court also cannot assess whether the requests granted to plaintiff are the most important items sought in discovery (as plaintiff claims) to garner the percentage of the expenses sought.

Nevertheless, in weighing whether the reasonable allocation should be 40% (or two requests granted of five sought, as alternatively argued by the defense) or 50% (as claimed by plaintiff), this Court **adopts** plaintiff's 50% allocation of its motion costs and next turns to the reasonable amount of those costs.

III.     Reasonable Motion Costs

   A.     Expenses

Plaintiff does not specifically describe the costs of its expenses in filing this motion, but the redacted billing records show that plaintiff's counsel did bill plaintiff for various expenses associated with the motion but without revealing the amounts of these individual expenses (Docket No. 50, Pl. Atty. Reply Affirm., Ex. A (service fees, parking, delivery, and online legal research expenses invoiced)). Absent disclosing the costs of those expenses, this Court cannot evaluate whether they were reasonable or award them (or a percentage of them) as recoverable costs. Thus, this Court deems that plaintiff is **not seeking to recover these expenses** and these expenses **are not awarded**.

   B.     Attorneys' Fees

Even with plaintiff's redacted billing records (Docket No. 50, Pl. Atty. Reply Affirm., Ex. A), the time expended for individual tasks billed was omitted. Thus, this Court cannot make

a precise assessment of the reasonable amount of time performed for a particular task billed or find whether amounts are excessive, redundant or otherwise unnecessary, Quaratino, supra, 166 F.3d at 425, or if more (or less) time was expended on the portions of the motion that plaintiff prevailed upon or if different staff performed the task. Plaintiff also has not stated the experience of Joseph or Rood and does not name or give the experience of the paralegal (initials "MES" or "MEZ," Docket No. 50, Pl. Atty. Reply Affirm., Ex. A) who assisted on this motion. This Court takes judicial notice that Joseph is partner in her firm and was admitted to practice before this Court in 1976, while Rood has been admitted in this Court since 1991 and is associated with Joseph's firm. This Court also notes that, in another case before this Court, Joseph moved to recover her attorney's fees for succeeding in a motion to compel, Runge v. Erie Ins. Group, No. 09CV792, Docket No. 26 (W.D.N.Y. Apr. 1, 2010) (Scott, Mag. J.), and this Court (in the absence of the opponent challenging the reasonableness of her rate) accepted Joseph's quoted rate in 2010 of $200 per hour as an attorney admitted before this Court for 19 years for almost 9 hours expended for that motion to compel, Runge, Docket No. 33, Order of May 24, 2010, at 5, 3.

Defendants here do not argue that the rates for counsel ($300 and $245 per hour) and paralegal ($85 per hour) quoted are excessive for this District or market, although Joseph's rate has increased by $100 over the last four years. Nevertheless, this Court will accept plaintiff's fee rates as being reasonable.

As for the reasonableness of the time expended and using the corrected figures from its reply (Docket No. 50, Pl. Atty. Reply Affirm. ¶ 6), this Court only has the total time expended by counsel and the firm's paralegal for the three areas of work for this motion. The redacted bills

9

again do not state the time each attorney or the paralegal expended on any particular task. But a review of the motion papers in this case, including 25 exhibits (with the two extensive meet and confer letters stating what areas were not produced) and reply affirmation, memorandum and two additional exhibits, shows that plaintiff voluminously addressed several outstanding requests. But even with the volume of materials presented and the issues raised, the total time cited by plaintiff is excessive. Defendants do not counter with an appropriate figure short of denying plaintiff's recovery of any fees for the time expended.

On the record before this Court, the reasonable amount for the meet and confer portion of plaintiff's expenses totals only **$2,500.00**. Plaintiff wrote two letters, totaling 15 pages (Docket No. 36, Exs. P, Z) and did not include in this application the time in contemplating, composing, and transmitting emails (see, e.g., id.,, Ex. R) with defense counsel following up these letters as part of the meeting and conferring process. Plaintiff could have rightfully claimed this email correspondence time (as well as unclaimed time for any telephone calls or other conversations with defendants regarding the discovery disputes). The reasonable time to research and compose this correspondence (even including the email exchange not claimed by plaintiff), however, is less than the 10 hours claimed. Again, absent the breakdown of the amount of time the lawyers and the paralegal did their respective tasks in sending these letters, the Court is compelled to set the reasonable total fee amount, reducing the $2,909 claimed by over $400.

As for drafting and filing the motion and reply papers (parts 2 and 3 of plaintiff's fee application), the reasonable amount of time for both tasks is half the time claimed by plaintiff. Again, without the unredacted breakdown of which attorney did what, this Court has to present a

total amount for these areas of work.  For the initial motion, plaintiff's reasonable expenses were **$1,345.00** and for the reply plaintiff's reasonable expenses were **$1,737.00**.

Adding these three parts together (or $2,500 + $1,345 + $1,737), the total of plaintiff's reasonable expenses is $5,582.00 for the entire motion.  Half of this figure for the portions plaintiff prevailed upon is **$2,791.00**.

III.    Party Liable for the Award

Finally, this Court needs to determine whether defendants (and which defendant), their attorneys or all three are responsible for plaintiff's motion expenses.  Neither party discussed which party (or defense counsel) would be liable for these expenses.  There is nothing outstanding in this motion to indicate the refusal to answer was directed by the clients, any particular client, or was solely the professional judgment of counsel.  Hence, liability for this award will be **jointly borne by both defendants and their counsel**.

## CONCLUSION

For the reasons stated above, plaintiff's reasonable motion expenses application (Docket No. 47; see also Docket No. 50) is **granted in part** as stated in detail above.  This Court **adopts** plaintiff's allocation of 50% of its motion as the appropriate for recovery of its motion expenses, finds that its application is solely for recovery of attorneys' fees, **accepts** the rates quoted by plaintiff's counsel, but finds the total amount of time expended by plaintiff's counsel claimed is

excessive. This Court finds that the reasonable and recoverable motion expenses for this motion is **$2,791.00**, and plaintiff is awarded **$2,791.00** payable by **defendants and their counsel jointly**.

      So Ordered.

                                            */s/ Hugh B. Scott*
                                            Honorable Hugh B. Scott
                                            United States Magistrate Judge

Dated: Buffalo, New York
       March 5, 2014